In re FELTS.

(District Court, N. D. Iowa. C. D. July 9, 1909.)

No. 759, Bankruptcy.

1. BANKRUPTCY (§ 413*)—OBJECTIONS TO DISCHARGE.

Where none of the specifications of objection to a bankrupt's discharge alleged that the bankrupt had conveyed, transferred, or concealed any of his property within four months immediately preceding bankruptcy, or at any other time within intent to hinder, delay, or defraud his creditors, questions asked of the bankrupt's wife on examination before the referee in support of objections to the discharge as to the consideration paid by her for conveyance of property to her which her husband had previously conveyed to her grantor some ten or more years before bankruptcy were irrelevant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. § 413.*]

2. EQUITY (§ 404*)—TAKING TESTIMONY BEFORE A MASTER, EXAMINER OR COMMISSIONER.

Where, on examination of a witness before a master, examiner, or commissioner to take testimony, questions are asked which counsel for witness or adverse party believe to be improper, the proper practice is to have an objection noted by the master or examiner on the record, and then take the witness' answer so that, if the question is improper or irrelevant, the answer may be disregarded by the court, and not to permit the witness to determine what questions he will or will not answer under the advice of counsel, unless in an exceptional case, where the matter inquired about is clearly privileged or forbidden on some other grounds of public policy, or is so clearly irrelevant that it would be an abuse of the court's power to compel an answer, in which case counsel may advise the witness not to answer until the questions have been submitted to the court for determination.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 886–892; Dec. Dig. § 404.*]

In Bankruptcy. In the matter of the bankruptcy of Aaron M. Felts. On specifications of objections to the bankrupt's petition of discharge. Objections dismissed, and petition granted.

W. T. Chantland and P. F. Nugent, of Ft. Dodge, Iowa, for objecting creditors.

Healy & Healy, of Ft. Dodge, Iowa, for bankrupt.

REED, District Judge. The specifications of objections to the discharge and the proofs in support thereof are each too indefinite and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

uncertain to warrant the denial of a discharge. The discharge is therefore granted at the costs of the objecting creditors.

In connection with this hearing the objecting creditors presented a petition for review of the order of the referee refusing to require the witness Mrs. Felts, wife of the bankrupt, to answer certain questions propounded to her by them, which questions, upon advise of counsel for the bankrupt, she declined to answer.

Section 21a of the Bankruptcy Act (Act July 1, 1898; c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3430]), as amended by Act Feb. 5, 1903, c. 487, § 7, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1498) provides:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this Act; Provided, That the wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she had transacted or been a party to any business of the bankrupt."

No order had been made by the court or referee for an examination of the wife of the bankrupt as authorized by this section. Upon the filing of the specifications of objections to the discharge, the matter was referred, under the local rules, to the referee as a special master to take the testimony thereon and report the same to the court. Upon the date fixed for taking such testimony, the objecting creditors subpœnaed the wife of the bankrupt to appear before the referee, and propounded to her certain questions touching the transfer of real property of the bankrupt to others in which she joined as his wife, some of which was reconveyed to her shortly after, and she was asked among other questions to state the consideration she had paid for the conveyances so made to her. The objections to the questions and the refusal to answer were rested mainly upon the ground that, under section 4606 of the Iowa Code 1897, the wife is not a competent witness against her husband. That section provides:

"Neither the husband nor wife shall in any case be a witness against the other, except in a criminal prosecution for a crime committed one against the other, or in a civil action or proceeding one against the other, or in a civil action by one against a third party for alienating the affections of the other; but in all civil and criminal cases they may be witnesses for each other."

If this examination had been made under an order of court, or of the referee, as authorized by section 21a of the Bankruptcy Act, above, the questions, or some of them at least, were plainly within the limits of an examination of the wife of a bankrupt as authorized by that section. Section 858 of the Rev. Stats. (U. S. Comp. St. 1901, p. 659) as amended by the act of June 29, 1906, c. 3608, 34 St. 618 (U. S. Comp. St. Supp. 1911, p. 271), however, provides:

"The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the state or territory in which the court is held."

[1] How far this section as so amended may limit or control, if at all (section 21a of the Bankruptcy Act), need not now be determined, for the referee was not conducting an examination as referee relative to the acts, conduct, or property of the bankrupt, but was taking the testimony only as an examiner or special master upon objections filed to the petition of the bankrupt for his discharge; and none of the specifications alleged that the bankrupt had conveyed, transferred, or concealed any of his property within the four months immediately preceding the bankruptcy, or at any other time for that matter, with intent to hinder, delay, or defraud his creditors, and the transfers concerning which the witness was interrogated were made long prior to said four months, some of them being ten or more years before, and they would not, even if fraudulent, warrant the withholding of the discharge (section 14b [4] Bankruptcy Act). The questions propounded were not therefore material to any issue presented by the specifications. As the referee was not engaged as such, in hearing any matter pertinent to the estate of the bankrupt or the settlement thereof, his refusal as special master or examiner to require the witness to answer the questions propounded to her cannot be made the ground for a petition for review. In fact his refusal as referee, to so require in any case, is not the subject of a petition for review; the course to be pursued in such case being prescribed by sections 14a and b of the Bankruptcy Act.

[2] No witness, however, upon examination before a master, examiner or commissioner to take testimony, should be permitted to determine what questions he will or will not answer. This is for the court to determine. If questions are deemed by counsel to be objectional, the proper practice is to make the objection and have the master or examiner note the same, and the witness should then answer the questions; and, if they are not proper or relevant to the issues, they will be disregarded by the court. Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521; First Nat. Bank v. Abbott, 165 Fed. 853–856, 91 C. C. A. 538; Scherer & Co. v. Everest, 168 Fed. 822–827, 94 C. C. A. 346. Of course, matters that are clearly privileged, or forbidden upon some other grounds of public policy, or so clearly irrelevant that it would be an abuse of the power of the court to compel an answer, should not be inquired of a witness by opposing counsel; and in exceptional cases counsel of a party or of the witness may advise a witness not to answer such questions until they can be submitted to the court for determination, but such instances are rare, and questions of the competency of a witness, or the pertinency of testimony deemed objectionable, should be answered by the witness, after objections thereto are noted, instead of counsel assuming to decide what questions shall or shall not be answered by a witness whose testimony is being taken by an examiner. If convinced that the answer of this witness to the questions propounded to her would be material or relevant upon any specification of the objections to the discharge, the matter would be sent back to the referee as special master with an order requiring the witness to appear and answer them, subject, however, to such objections as might be made thereto, and, if she still refused to answer, she might then be dealt with as the occasion would require. But the

questions being deemed immaterial to any issue presented by the specifications, it is not deemed advisable to do this in this instance.

The clerk will enter an order granting a discharge to the bankrupt at the costs of the objecting creditors, as above indicated; but no witness fee will be allowed the wife of the bankrupt.

It is ordered accordingly.